Dear Mr. Mitchell:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. On behalf of the Ouachita Parish Mosquito Abatement District ("OPMAD"), you have asked for our opinion regarding several issues related to the funding of OPMAD's operations. Your request makes mention of La.Rev.Stat. 33:7726 which allows for the assessment of a monthly service charge to customers of waterworks districts located within a mosquito control district. Your request indicates that the OPMAD is considering whether it could replace or supplement its current ad valorem tax funding with such a service fee.
Specifically, you ask for our opinion on the following questions:
 1) What is the definition of "waterworks districts" for purposes of La.R.S. 33:7726? Specifically, is it limited to waterworks districts created as political subdivisions under La.R.S. 33:3811 or would it also include private water utilities, non-profit rural water systems, municipal water systems, etc.?
 2) If OPMAD adopted a service fee pursuant to La.R.S. 33:3811 would all water systems in the parish be required to collect it from their customers?
 3) Would voter approval be required before a service fee could be implemented? If so, would this be a parish-wide election? *Page 2 
 4) If a service fee were implemented could a customer's water service be interrupted for failure to pay the service fee where the actual charges for the water service were paid and current?
 5) If a water system refused to collect the service fee, would that system's service area still be entitled to mosquito abatement services?
 6) Would the water systems be obligated to provide information regarding their number of meters/customers to OPMAD?
 7) Would customers having multiple water meters pay multiple service fees?
 8) Can OPMAD levy a structure fee or parcel fee instead of a service fee on water meters and, if so, would voter approval be required?
With respect to your first question, Louisiana Revised Statute 33:7726
provides the following:
 § 7726. Service charges for mosquito control
 A. A mosquito abatement district created under the provisions of this Chapter may levy and collect special taxes, including monthly service charges to customers of waterworks districts within the mosquito control district, to finance its programs. It may use legal, proper, necessary, and expedient means to collect and enforce the collection of such taxes, including the contracting with a waterworks district located within the same parish to collect a monthly service charge for mosquito control.
 B. Any monthly service charge so levied shall be uniform upon the customers of the waterworks district, but each separate water meter or connection to the waterworks district's water supply lines shall be treated as a separate customer for purposes of the service charge. The waterworks district, acting as collection agency for special taxes of the mosquito abatement district, may add the tax levied by said mosquito abatement district to the water bills of its customers. On or before the tenth day of the month following the collection of the taxes, the waterworks district shall remit to the mosquito abatement district all funds collected for the purposes of mosquito control, less a small and reasonable service charge for administrative purposes of collection.
A review of La.Rev.Stat. 33:7726 fails to reveal a definition for the term "waterworks district". However, it is the opinion of this office that the term "waterworks district" would include those created as political subdivisions, private water utilities, non-profit rural water systems, municipal water systems, and the like. As such, these water *Page 3 
systems could contract with the OPMAD in order to collect a monthly service charge adopted pursuant to La.Rev.Stat. 33:3811.
With regards to your second question, our reading of La.Rev.Stat.33:7726 does not reveal a requirement that all water systems in the parish collect a service fee adopted pursuant to La.Rev.Stat. 33:3811. La.Rev.Stat. 33:7726 simply states that a mosquito abatement district "may use legal, proper, necessary, and expedient means to collect and enforce the collection of such taxes, including the contracting with a waterworks district". Our reading of this provision indicates that a voluntary contractual relationship may exist between OPMAD and the various water systems located within the district. Nothing in the statute would suggest that the water systems are statutory obligated to collect a service fee adopted pursuant to La.Rev.Stat. 33:3811.
Turning attention now to your third question, Louisiana Constitutional Article VI, Section 30 provides the following:
 Political subdivisions; taxing power
 A. A political subdivision may exercise the power of taxation, subject to limitations elsewhere provided by this constitution, under authority granted by the legislature for parish, municipal and other local purposes, strictly public in their nature. This section shall not affect similar grants to political subdivisions under self-operative sections of this constitution.
 B. Notwithstanding the provisions of Paragraph (A) of this section, or any other provision of law to the contrary, no political subdivision shall submit the same tax proposition, or a new tax proposition that includes such a tax proposition, to the electorate more than once within a six month period except in the case of an emergency as determined by the governing authority of the political subdivision.
This office has consistently recognized that the power to tax is reserved for the Legislature, except as otherwise provided by the Constitution, and a political subdivision such as OPMAD may exercise its power of taxation only under authority granted by the legislature and/or the constitution. In accord: Attorney General's Opinion No. 98-447.
Louisiana Revised Statute 33:7726 specifically grants mosquito abatement districts the authority to "levy and collect special taxes, including monthly service charges to customers of waterworks districts". It is the opinion of this office that the Legislature has specifically granted the authority for the imposition of a special tax[1], characterized as a monthly service charge, to mosquito abatement districts. Further, our office has previously opined that "a tax must be presented to and approved by the voters". See *Page 4 
Attorney General Opinion No. 02-0278. As such, it is the opinion of this office that voter approval, by way of a district-wide election, shall be required before a service fee could be implemented.
With respect to your fourth question, Attorney General Opinion No. 80-1202 provides some guidance. In Opinion No. 80-1202, the St. Charles Parish Waterwork asked whether they may legally discontinue water service if a customer violates a parish ordinance or refuses to pay fees charged by other public entities for services such as garbage or sewerage fees.
We held that while a waterwork district possesses all the powers of a corporation, La.R.S. 33:3815 limits this power to that necessary for it to carry out the purposes for which it was created. Waterwork districts were created to perform the duties of water production and distribution within their respective boundaries. They may terminate water service if that particular bill is not paid, after due process requirements are met. However, failure to pay garbage or sewerage fees or violation of a parish ordinance is not sufficient cause to terminate water service. These activities are under the control of entities separate and distinct from a waterwork district. These activities in no way affect the ability of a waterwork district to accomplish its objectives. Thus, in accord with Opinion 80-1202, it is the opinion of this office that a customer's water service may not be interrupted for failure to pay the service fee adopted pursuant to La.Rev.Stat. 33:7726, where the actual charges for the water service were paid and current.
Turning attention now to your fifth question, La.Rev.Stat. 33:7726
(B) provides that "[t]he waterworks district, acting as collection agency for special taxes of the mosquito abatement district, may add the tax levied by said mosquito abatement district to the water bills of its customers". As indicated above, our reading of La.Rev.Stat. 33:7726
(B) fails to reveal any statutory obligation requiring the waterworks to collect the service fee. As a result, it is the opinion of this office that if a water system refused to collect the service fee, that system's service area would still be entitled to mosquito abatement services.
Similarly, in response to your sixth question, La.Rev.Stat. 33:7726
places no obligation on the water systems to provide information regarding their number of meters/customers to OPMAD. Although the parties are free to agree or contract to provide such information, there is no statutory obligation or duty to do so.
With respect to your seventh question, La.Rev.Stat. 33:7726 (B) states: "Any monthly service charge so levied shall be uniform upon the customers of the waterworks district, but each separate water meter or connection to the waterworks district's water supply lines shall be treated as a separate customer for purposes of the service charge". Thus, pursuant to the specific language of the statute, it is our opinion that each separate water meter shall be treated as a separate customer for purposes of the service charge. *Page 5 
As such, we believe customers having multiple water meters must pay multiple service fees.
Turning attention now to your final question, in Acorn v. City of NewOrleans, 377 So.2d 1206 (La. 1979), the Supreme Court distinguished specific taxes from ad valorem taxes, and classified a parcel fee as a "specific tax". In pertinent part, the Court stated:
 "Duties are either ad valorem or specific; the former when the duty is laid in the form of a percentage on the value of the property, the latter where it is imposed as a fixed sum on each article of a class without regard to its value."
Accordingly, as indicated in our response to question three above, we are of the opinion that the Legislature has specifically granted mosquito abatement districts the authority to levy and collect special taxes. As such, we believe the OPMAD may levy a parcel fee or special tax, provided voted approval is obtained.
We trust the response contained herein adequately answers each of your questions. If you should have any additional questions, please feel free to contact our office.
 Yours very truly,
 CHARLES C. FOTI, JR.
 Attorney General
 BY:________________________
 MICHAEL J. VALLAN
 Assistant Attorney General
 CCF, JR/MJV/crt
[1] Black's Law Dictionary (7th ed. 1999) defines the term "special tax" as a tax levied for a unique purpose.